Harmon vs. Myer, Administratrix, imp.

*April 5 — May 10, 1882.*

DELIVERY OF DEED. *Presumption of delivery from fact of record, how overcome.*

Upon all the pleadings filed in this case, it should be treated as an *admitted* fact that the mortgage here sought to be set aside by an attaching creditor of the mortgagor was not delivered to the mortgagee at the time when it was recorded; and the *presumption* of delivery (if any) arising from the record being thus overcome, the burden was on defendants of showing an actual delivery before the land was attached.

APPEAL from the Circuit Court for *Outagamie* County. This action was brought against Henry Walter, Henry B. Myer and Albert J. Myer. Its object and alleged grounds will sufficiently appear from the opinion. Judgment for the plaintiff was entered on the 23d of August, 1880; on the 25th of the same month Albert J. Myer died at Buffalo, New York; and afterwards such proceedings were had that *Catharine W. Myer*, as administratrix of said Albert J. Myer, was made a party to the record and judgment, and duly filed exceptions to the findings of fact and conclusions of law herein, and appealed from the judgment.

For the appellant there was a brief by *Collins & Pierce*, and oral argument by *Mr. Collins*.

For the respondent there was a brief signed by *A. T. Brewer*, his attorney, with *Olin & Grinde*, of counsel, and oral argument by *Mr. Olin*.

ORTON, J.   This action is brought by the plaintiff, as an attaching creditor, to remove the apparent cloud and incumbrance of a recorded mortgage executed by Henry B. Myer, one of the defendants in the attachment, to Albert J. Myer, on the lands attached, on the grounds that the mortgage had not been delivered before the attachment was served, and that it was given to defraud creditors.   The circuit court found "that said mortgage was made with intent to defraud the creditors of Henry Walter and Henry B. Myer," and "that it was not delivered to Albert J. Myer until the real estate aforesaid had been duly attached."

The first alleged ground of the action, that the mortgage had not been delivered before the attachment was served, is predicated upon the presumptive or *prima facie* evidence of its delivery from its being placed upon record; else its record would be no cloud upon the title without other proof of its delivery, and there would be no necessity for this suit.   We shall therefore treat such registration as *prima facie* evidence of the delivery of the mortgage, to be overcome by the plaintiff; so that the first question to be disposed of is, whether it had been delivered before registration.   The testimony of the witness Kidder, the only witness on the trial, is too vague, uncertain and unsatisfactory to be regarded as of any weight upon this question.   The allegation of the complaint is, that "said mortgage was not delivered to said Albert before being put on record as aforesaid, and was not thereafter delivered to said Albert until long after the said real estate had been attached on the said writ of attachment as aforesaid."

It is contended by the learned counsel of the respondent, that the first clause of this allegation is not denied, but is rather admitted, in the answer of Albert J. Myer, the mortgagee. His original answer was made and sworn to by his attorney, L. A. Russell, Esq., who states in his verification that he has personal knowledge of all the material facts therein positively stated. In this answer there is no special or general denial of the above allegation of the complaint. Afterwards, the said Albert J. Myer made an amended answer in his own proper person, and in this answer it is alleged as follows: " That he was not at Cleveland, Ohio, when said mortgage was executed, and that the said mortgage was not delivered to him, this defendant, before being put upon record; that while he admits the plaintiff's allegation in this respect in form, he alleges that in law it was received by him by his authorized agent, and this defendant denies the allegation of the plaintiff that said mortgage was not received by him before the serving on said mortgaged property the writ of attachment mentioned in said complaint, and alleges that said mortgage was before the service of said attachment received by this defendant and held by this defendant by his duly authorized agent."

By the most liberal construction of this part of the answer, it is certainly not denied, if it is not admitted, that the mortgage was not delivered before it was recorded. It is contended by the learned counsel of the appellants, that the allegation that it was not so delivered to the mortgagee was only admitted in form,— that is, that it was not delivered *personally* to him,— but denied in substance and fact by the allegation that "*in law* it was received by him by his authorized agent." But it will be observed that this allegation falls short of stating that it was received by him by his agent before it was recorded. It does not state that it was *so* received by him, which might meet the point of time, as well as the fact of delivery. Then it is alleged *ex industria* that

it was delivered before the attachment was served. But, aside from the language itself, there are circumstances connected with the transaction and the drawing of the answers which would force such a construction if there was any ambiguity about it, or even if the language would bear a different construction.

It is stated in the verification of the attorney Russell to the first answer of Albert J. Myer, that he also drew the answer of the defendant Henry B. Myer. In that answer it is alleged "that immediately upon executing said mortgage, and having there then the deed he had received from said Esselburn, this defendant instructed his attorney at that time, J. M. Henderson, Esq., of Cleveland, Ohio, to send the said deed and mortgage to Appleton, Wisconsin, for record, and upon the return of the same to him, Henderson, that he should deliver the mortgage and note, with certain other securities collateral to the note, to L. A. Russell, Esq., of Cleveland, who was then acting as the attorney for said Albert J. Myer;" and it is further alleged "that he was informed and believes that said Henderson did so deliver said note and securities, and among the latter said mortgage, to said Russell for said Albert J. Myer." These allegations, which purport to give a detailed history of the transaction, are consistent only with the failure to deny that the mortgage was not delivered before it was recorded, and the failure to allege that it was so delivered, in the original answer of Albert J. Myer, made and sworn to by the attorney Russell, and consistent only with the failure to deny that it was not so delivered, and the admission that it was not in the amended answer of Albert J. Myer, made by himself. Any other theory than perfect consistency of these three answers on this point would cast an imputation of perjury upon Albert J. Myer and his father, Henry B. Myer, one or both, and an imputation of gross malpractice or perjury, and perhaps both, upon the attorney Russell. It should therefore

Harmon vs. Myer, Adm'x, imp.

have been treated on the trial as an admitted fact that the mortgage had not been delivered before it was recorded. The fact of its record, therefore, afforded no *prima facie* or presumptive evidence of its delivery; and, it being thus admitted that it had not been delivered before it was recorded, and it being alleged by the answers that it was delivered afterwards, and before the attachment was served, the *onus* of proof that it was so delivered rested upon the defendants, and no such proof was offered.

The rights of the defendants are thus left solely upon a mortgage which never took effect by delivery before the attachment of the plaintiff was served upon the property; and it should therefore not stand in the way of the attachment, and its record should not cast a cloud upon the title.

We cannot but join with the learned counsel of the appellants who were engaged in the trial of the cause, in the regret that, through the evident negligence of the counsel for the defendants elsewhere, no evidence in their behalf was introduced on the question of delivery of the mortgage; for it would seem that Henderson, the attorney of Henry B. Myer, and Russell, the attorney of Albert J. Myer, could have made the matter certain by their evidence, one way or the other, as they, and they only, had personal cognizance of the transaction. This disposes of the case against the defendants without considering the question of fraud; and it is well for the plaintiff that it does so, for we should hesitate to believe that such able, honest and high-minded gentlemen as General Myer, who is now in his grave, and his venerable father, intended a base fraud upon creditors as the last act of their honorable lives, upon the testimony alone of this man Kidder, who confesses his treachery and perfidy by the willing disclosure of their confidential communications, and who seems to have secured their confidence only for the purpose of betrayal.

*By the Court.*— The judgment of the circuit court is affirmed.